UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EDWARD L. SINGER

                                                             PRISONER
     V.                          CASE NO. 3:04CV1882 (WWE)

THERESA C. LANTZ, ET AL.


**ORDER OF DISMISSAL**

    On May 24, 2005, the court dismissed the plaintiff's civil rights complaint asserting claims of denial of access to courts against defendants Lantz, Murphy, Salsbury, Jones, Johnson, Garnet, Strom, Blumenthal, District Administrators Wardens and Inmates' Legal Assistance Program.  The court entered judgment for the defendants in this case on June, 2005.  On June 22, 2005, the plaintiff filed a notice of appeal of the court's ruling.  On June 22, 2006, the United States Court of Appeals for the Second Circuit issued a Mandate dismissing the appeal as to the section 1985 and 1986 claims as lacking an arguable basis in fact or law, vacating the dismissal of plaintiff's section 1983 access to courts claims and remanding the case to this court to permit the plaintiff an opportunity to amend his complaint to sufficiently allege a claim for denial of access to courts.  The Clerk docketed the Mandate on March 20, 2007 and reopened the case.

    On May 28, 2008, the court ordered plaintiff to file a

second amended complaint alleging facts to demonstrate "how a deficiency in a prison library or legal assistance program 'hindered his efforts to pursue a legal claim' related to a direct or collateral attack on his sentence, or a challenge to the conditions of his confinement." Singer v. Lantz, et al., No. 05-3342-pr, Mandate (2d Cir. June 22, 2006) (quoting Lewis v. Casey, 518 U.S. 343, 355 (1996)).  The court warned the plaintiff that if he failed to submit an amended complaint on or before June 19, 2008, the court would dismiss the action without further notice.

On June 30, 2008, the court denied plaintiff's motion for free copies of documents from the court file without prejudice to sending in payment for the cost of copying the court documents or filing a renewed motion for free copies of those documents accompanied by an inmate account statement.  The court cautioned plaintiff that if he failed to file either a second amended complaint or a renewed motion for copies of documents by July 21, 2008, the court would dismiss the action.

On July 16, 2008, plaintiff filed a renewed motion for free copies of the Amended Complaint, Memorandum of Decision Dismissing the Complaint, Judgment, Mandate of the Second Circuit and Order to File a Second Amended Complaint.  Because plaintiff failed to attach a copy of his inmate account statement indicating his ability to pay the cost of copying these

documents, the court denied the motion without prejudice. The court ordered the plaintiff to either submit payment for the copies or file a renewed motion for free copies accompanied by his inmate account balance by June 1, 2009. The court again warned plaintiff that his failure to comply with this order would result in dismissal of the action without further notice.

Plaintiff has not contacted the court, submitted payment for the copies of the Amended Complaint, Memorandum of Decision Dismissing the Complaint, Judgment, Mandate of the Second Circuit or renewed his motion for free copies of those documents. In addition, plaintiff has not filed a second amended complaint. Accordingly, the case is dismissed pursuant to Rule 41(b) for failure to comply with orders of the court. The Clerk is directed to close this case.

SO ORDERED this __24th_____ day of February, 2010, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge